# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

NATALIE LYNN NASATKA,                    :
                                     :
     Plaintiff,         :
                                     :
   v.                         : Civ. No. 21-332-LPS
                                     :
DELAWARE STATE FIRE PREVENTION :
COMMISSION, et al.,                      :
                                     :
     Defendants.        :

---

Natalie Lynn Nasatka, Smyrna, Delaware.  Pro Se Plaintiff.

## MEMORANDUM OPINION

March 28, 2022
Wilmington, Delaware

**STARK, U.S. Circuit Judge:**

## I.     INTRODUCTION

Plaintiff Natalie Lynn Nasatka ("Plaintiff") filed this action on March 4, 2021.  (D.I. 2)  She appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5)  Plaintiff moves for e-filing rights.  (D.I. 4)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II.    BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment to the United States Constitution.  Plaintiff alleges that she was notified by David Truax ("Truax"), an investigator for Defendant Delaware Fire Prevention Commission ("DFPC"), that the Odessa Fire Company had sent her a complaint about Plaintiff's actions as an EMT.  (D.I. 2 at 4)  At the time, Plaintiff was in EMT field training at Delaware Technical Community College ("Del. Tech.") with a field trainer with Kent County Emergency Services ("EMS").  (*Id.*)  Truax advised the EMS Chief of the investigation; the Chief then asked Del. Tech. not to schedule Plaintiff's training until after the conclusion of the investigation.  (*Id.* at 5)

Plaintiff alleges that Truax's telephone call led to her possible suspension or expulsion from the EMT course.  (*Id.*)  The matter was referred to the Delaware Department of Justice, settled, and formally closed on May 19, 2020.  (*Id.*)  Plaintiff surrendered her state EMT license and promised never to apply for a Delaware EMT license.  (*Id.*)

Plaintiff alleges that the foregoing actions were detrimental to her paramedic education and she is behind the classmates with whom she had started.  (*Id.* at 7)  Plaintiff "lost faith in the Commission and the Delaware Department of Justice for their inconsistencies in applying their own rules for investigations and consequences for breaking their rules such as the Delaware State Code."

(*Id.*)  Plaintiff seeks $100,000 in compensatory damages.  (*Id.*)  She also moves for e-filing rights.
(D.I. 4)

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of
28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."
*Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  The Court must accept all factual allegations in a
complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of
Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because
Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully
pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."
*Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v.
Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d
Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal
theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957
F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to
§ 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *See
Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or
claims for failure to state a claim upon which relief may be granted pursuant to the screening
provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint, unless
amendment would be inequitable or futile.  *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must pled to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    DISCUSSION

Both Defendants are immune from suit.  Delaware Department of Justice is an agency of the State of Delaware and the Delaware State Fire Prevention Commission is a public body that oversees the operation of the Delaware State Fire Marshal's Office.  *See* 16 Del. C. § 6602.  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant."  *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)).  Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983.  *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).  In addition, dismissal is proper because neither Defendant is a person for purposes of § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, the Court will dismiss the Complaint as Defendants are immune from suit and not persons as required to state a claim under 42 U.S.C. § 1983.  Amendment is futile.

## V.    CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion for e-filing rights (D.I. 4); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Amendment is futile.

An appropriate Order will be entered.

4